Signed: October 24, 2006

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                   No. 06-41555 TG
                                        Chapter 13
SHIBISHA M. BUXTON,

          Debtor.
_____/

**MEMORANDUM AND ORDER RE DEBTOR'S REQUEST
FOR RECONSIDERATION OF ORDER GRANTING RELIEF FROM
THE AUTOMATIC STAY AND/OR FOR STAY PENDING APPEAL**

The above-captioned chapter 13 case was filed on September 6, 2006 as a skeletal filing: e.g., no Schedules of Assets and Liabilities or Statement of Financial Affairs were filed with the petition. On May 14, an entity named California F.I., LLC ("Buyer") filed a motion for relief from the automatic stay. A hearing on the motion was conducted on September 29, 2006. The debtor appeared at the hearing. Buyer appeared through counsel.

In the motion, Buyer presented evidence that a foreclosure sale had taken place on May 3, 2006 on its deed of trust encumbering real property owned by the debtor (the "Property"), and that Buyer, as the highest bidder, had purchased the Property at the Sale. The trustee's deed upon sale was recorded on May 16, 2006.

Buyer presented evidence that the debtor filed a chapter 7 case on May 4, 2006 which delayed Buyer's efforts to evict the debtor from the Property. However, the chapter 7 case was dismissed on June 1, 2006. On June 8, 2006, Buyer filed an unlawful detainer action in state court. On August 7, 2006, Buyer obtained a judgment for possession, and an eviction was scheduled for August 16, 2006. On August 15, 2006, the debtor obtained a stay of the eviction from the state court, and the eviction was rescheduled for September 7, 2006. As noted above, this case was filed on September 6, 2006.

Buyer asked the Court to annul the automatic stay to permit Buyer to complete the eviction and to bar the debtor from filing any further bankruptcy cases for a period of 180 days. At the conclusion of the hearing, the Court granted the motion. A written order was entered in the docket on October 10, 2006.[1]

On October 20, 2006, the debtor filed a document entitled Appeal of Eviction and Emergency Request Stay of Execution Pending Appeal. She also tendered the fee for filing an appeal from the Court's order. The debtor's appeal, if she prosecutes it, will be heard by an appellate court. However, it is appropriate for the Court to rule on the debtor's request for a stay pending appeal. The document also asks the Court to reconsider its order granting Buyer's motion. Both

---

[1] In the motion, Buyer presented evidence that the debtor had also filed a third bankruptcy case during 2006: i.e., a chapter 13 case filed on March 3, 2006 which was dismissed on April 27, 2006 for failure to file the required documents. Since the instant case is the debtor's third within one year, under BAPCPA, no automatic stay arose in this case. Therefore, the request presumably related to annulment of the stay in the prior case: i.e., the chapter 7 case.

2

requests will be denied.  The debtor may reapply to the appellate court for a stay pending appeal.

Having reviewed the dates set forth above, it is not clear that Buyer needed the stay to be annulled.  The foreclosure sale took place the day before the debtor's second bankruptcy case was filed.  The deed was recorded within 15 days before the sale and therefore related back to the date of the sale and did not violate the automatic stay.  See <u>In re Garner</u>, 208 B.R. 698 (Bankr. N.D. Cal. 1997).  The unlawful detainer action was filed, and the judgment obtained after the second case was dismissed.

The debtor's second case, a chapter 7 case, was dismissed for failure to pay the filing fee.  The debtor has now tendered the fee and applied to have the dismissal order vacated.  She did not file certain required documents in that case.  The Court has indicated that it would grant the debtor's request that the dismissal order be vacated if she filed the required documents by November 3, 2006.

However, even if the debtor complies with this directive and the chapter 7 case is reinstated, this would not retroactively cause Buyer's actions to constitute a violation of the automatic stay: i.e., the automatic stay would not be deemed to have been in effect while the case was dismissed.  As a result, the Court's order granting Buyer's motion for relief from the automatic stay may have been unnecessary.  However, its issuance has not prejudiced the debtor in any way.  Therefore, the Court sees no point in granting the debtor's request to reconsider it.  The Court also believes that

3

the debtor is unlikely to prevail on appeal and that the equities do no favor granting her request for a stay.

Good cause appearing therefor, the debtor's request for reconsideration of the Court's order granting Buyer relief from the automatic stay and/or for a stay pending appeal are hereby DENIED.

END OF DOCUMENT

```
 1                              COURT SERVICE LIST
 2    Shibisha M. Buxton
      2525 Civic Ave.
 3    Hayward, CA 94544
 4
      John Kendall
 5    2411 Santa Clara Ave., Ste. 12
      Alameda, CA 94501
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```